1

2

3

4

5

6

7

8

9

10

11

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13

14

15

16

17

| RICHARD TERRY LARSON, | ) | No. C 12-3773 LHK (PR) |
|---|---|---|
| Plaintiff, | ) ) | ORDER OF PARTIAL |
| vs. | ) ) ) | DISMISSAL; ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE |
| M. CATE, et al., | ) ) ) | DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION |
| Defendants. | ) ) | |
| | ) | |

18

19

20

21

22

Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights action under 42

U.S.C. § 1983.  Plaintiff is granted leave to proceed in forma pauperis in a separate order.  For

the reasons stated below, the Court dismisses the complaint in part, and orders service upon

named Defendants.

**DISCUSSION**

23

A.      Standard of Review

24

25

26

27

A federal court must conduct a preliminary screening in any case in which a prisoner

seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss

any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

28

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding
Such Motion
G:\PRO-SE\SJ.LHK\CR.12\Larson773srv.wpd

1  seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C.

2  § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v.*

3  *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

4  B.      Legal Claims

5          According to the complaint, at some point, Plaintiff's criminal history records reflected

6  that he was found to have engaged in arson and violence.  Plaintiff alleges that Defendant

7  Correctional Counselor I ("CCI") M. Creamer-Todd informed him that this determination made

8  Plaintiff ineligible to participate in the "milestones" time credit program.  Because of CCI

9  Creamer-Todd's statement, on June 19, 2011, Plaintiff requested a transfer to a different

10  counselor.  In Plaintiff's administrative appeal, he referred to CCI Creamer-Todd's responses as

11  "bizarre" and "bovine."  Plaintiff's request for a transfer was ultimately denied.  Subsequently,

12  CCI Creamer-Todd issued a rules violation report against Plaintiff for being disrespectful toward

13  staff because Plaintiff's used the terms "bizarre" and "bovine" in referring to CCI Creamer-

14  Todd.  On September 6, 2011, Defendant Lt. J.M. Biggs found Plaintiff guilty of being

15  disrespectful toward staff, and forfeited 20 days of credit.  Defendant Appeals Coordinator S.

16  Lacy and Third Level Appeals Examiner B. Forsterer both denied Plaintiff's subsequent

17  administrative appeals.  Liberally construed, Plaintiff has stated a cognizable claim that

18  Defendants CCI Creamer-Todd, Lt. Biggs, Appeals Coordinator Lacy, and Appeals Examiner

19  Forsterer violated his First Amendment rights.

20          Although Plaintiff states that he is also raising a claim of cruel and unusual punishment,

21  the Court disagrees.  Although the Eighth Amendment protects against cruel and unusual

22  punishment, this does not mean that federal courts can or should interfere whenever prisoners are

23  inconvenienced or suffer *de minimis* injuries.  *See, e.g.*, *Hudson v. McMillian*, 503 U.S. 1, 9-10

24  (1992) (Eighth Amendment excludes from constitutional recognition *de minimis* uses of force);

25  *Anderson v. County of Kern*, 45 F.3d 1310, 1314-15 (9th Cir. 1995) (temporary placement in

26  safety cell that was dirty and smelled bad did not constitute infliction of pain); *Hernandez v.*

27  *Denton*, 861 F.2d 1421, 1424 (9th Cir. 1988) (allegation that inmate slept without mattress for

28

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\SJ.LHK\CR.12\Larson773srv.wpd        2

1   one night is insufficient to state Eighth Amendment violation and no amendment can alter that

2   deficiency).  Here, liberally construed, Plaintiff's complaint does not demonstrate either that he

3   suffered a deprivation of a basic necessity, much less that the deprivation was sufficiently

4   serious, or that the Defendants possessed a culpable state of mind.  *See Farmer v. Brennan*, 511

5   U.S. 825, 834 (1994).  Accordingly, Plaintiff's Eighth Amendment claim is DISMISSED.  If

6   Plaintiff believes in good faith that he can cure the deficiencies described above, he may amend

7   his complaint to include such a claim.

8        Plaintiff also names as Defendants CCI L. Webb and Correctional Counselor II ("CCII")

9   G. Metcalfe.  Regarding CCI Webb, Plaintiff merely proffers in a conclusory manner that CCI

10  Webb was responsible for noting in Plaintiff's criminal history that Plaintiff was involved in

11  arson and violence.  Even if Plaintiff's facts were more specific, the inaccuracy of records

12  compiled or maintained by the government is not, standing alone, sufficient to state a claim of

13  constitutional injury under the Due Process Clause.  *See Paul v. Davis*, 424 U.S. 693, 711-714

14  (1976).  Moreover, although California has created regulations from which a protected interest in

15  accurate criminal records could arise, the statutory language of California Penal Code § 13324 --

16  the statute creating the right to accurate criminal records -- does not narrowly restrict the power

17  of prison officials to impose a deprivation of accurate records.  Because the statute involved does

18  not meet the requirements of *Sandin v. Conner*, 515 U.S. 472, 484 (1995), Plaintiff fails to state a

19  claim.  Thus, Plaintiff claim that his criminal history is inaccurate is DISMISSED with

20  prejudice, and Defendant CCI L. Webb is DISMISSED without prejudice.

21       Regarding Defendant CCII Metcalfe, Plaintiff links him to reviewing and agreeing with

22  the denial of Plaintiff's request to transfer to a different counselor.  Even at the pleading stage,

23  "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was

24  personally involved in the deprivation of his civil rights."  *Barren v. Harrington*, 152 F.3d 1193,

25  1194 (9th Cir. 1998).  Plaintiff's allegations against CCII Metcalfe are insufficient.  "[A]

26  plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than

27  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

28

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding
Such Motion
G:\PRO-SE\SJ.LHK\CR.12\Larson773srv.wpd          3

1    do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level."

2    *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted).  Plaintiff's

3    allegations against CCII Metcalfe does not demonstrate that he participated in any violation of

4    Plaintiff's constitutional rights.  Accordingly, Defendant CCII Metcalfe is DISMISSED.  If

5    Plaintiff believes in good faith that he can cure the deficiencies described above, he may amend

6    his complaint to include Defendant CCII Metcalfe.

7         Plaintiff also names Secretary M. Cate in the caption of his complaint.  However,

8    Secretary Cate is not mentioned in the substance of the complaint, and Plaintiff fails to link

9    Secretary Cate to any cognizable violation.  Liability under Section 1983 arises only upon a

10   showing of personal participation by the defendant.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

11   1989).  Usually, a Section 1983 plaintiff names as a defendant the individual state actor who

12   allegedly wronged him.  If Plaintiff wishes to keep Defendant Cate, he should link Defendant

13   Cate to a relevant claim by explaining what Defendant Cate did or failed to do that caused a

14   violation of Plaintiff's constitutional rights.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir.

15   1988).  Accordingly, Defendant Secretary Cate is DISMISSED.  If Plaintiff believes in good

16   faith that he can cure the deficiencies described above, he may amend his complaint to include

17   Defendant Secretary Cate.

18        Plaintiff also lists "Doe" Defendants.  Although the use of "John Doe" to identify a

19   defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th

20   Cir. 1980), situations may arise where the identity of alleged defendants cannot be known prior

21   to the filing of a complaint.  In such circumstances, the plaintiff should be given an opportunity

22   through discovery to identify the unknown defendants, unless it is clear that discovery would not

23   uncover their identities or that the complaint should be dismissed on other grounds.  *See id.*

24   Should Plaintiff discover the identities of the Doe Defendants, he may move to amend his

25   complaint to include them in this action at a later date.

**CONCLUSION**

26

27        1.      Plaintiff's claim that his criminal history is inaccurate is DISMISSED with

28

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding
Such Motion
G:\PRO-SE\SJ.LHK\CR.12\Larson773srv.wpd        4

1   prejudice.  Defendants Secretary Cate, CCI Webb, and CCII Metcalfe are DISMISSED with

2   leave to amend.  Plaintiff's Eighth Amendment claim is DISMISSED with leave to amend.

3       If Plaintiff believes he can cure the above-mentioned deficiencies in good faith, Plaintiff

4   shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed to

5   cure the deficiencies described above.  The amended complaint must include the caption and

6   civil case number used in this order (C 12-3773 LHK (PR)) and the words AMENDED

7   COMPLAINT on the first page.  Plaintiff may not incorporate material from the prior complaint

8   by reference.  **Failure to file an amended complaint within thirty days and in accordance**

9   **with this order will result in the Court proceeding only with the cognizable claims as found**

10  **in this Order.**

11      Plaintiff is advised that an amended complaint supersedes the original complaint.  "[A]

12  plaintiff waives all causes of action alleged in the original complaint which are not alleged in the

13  amended complaint."  *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

14  Defendants not named in an amended complaint are no longer defendants.  *See Ferdik v.*

15  *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

16      2.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of

17  Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint

18  and all attachments thereto (docket no. 1), and a copy of this Order to **CCI M. Creamer-Todd**,

19  **Appeals Coordinator S. Lacy, and Correctional Security Lieutenant J.M. Biggs** at **Central**

20  **Training Facility** in **Soledad**, and **Third Level Appeals Examiner B. Forsterer** at the **Office**

21  **of Appeals** in **Sacramento**.

22      The Clerk of the Court shall also mail a courtesy copy of the complaint and a copy of this

23  Order to the California Attorney General's Office.  Additionally, the Clerk shall mail a copy of

24  this Order to Plaintiff.

25      3.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure

26  requires them to cooperate in saving unnecessary costs of service of the summons and complaint.

27  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on

28

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding
Such Motion
G:\PRO-SE\SJ.LHK\CR.12\Larson773srv.wpd        5

1   behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear

2   the cost of such service unless good cause be shown for their failure to sign and return the waiver

3   form.  If service is waived, this action will proceed as if Defendants had been served on the date

4   that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required

5   to serve and file an answer before **sixty (60) days** from the date on which the request for waiver

6   was sent.  (This allows a longer time to respond than would be required if formal service of

7   summons is necessary.)  Defendants are asked to read the statement set forth at the bottom of the

8   waiver form that more completely describes the duties of the parties with regard to waiver of

9   service of the summons.  If service is waived after the date provided in the Notice but before

10  Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date

11  on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is

12  filed, whichever is later.

13         4.        No later than **ninety (90) days** from the date of this Order, Defendants shall file a

14  motion for summary judgment or other dispositive motion with respect to the cognizable claims

15  in the complaint.

16                a.        If Defendants elect to file a motion to dismiss on the grounds that Plaintiff

17  failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

18  Defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315

19  F.3d 1108, 1119-20 (9th Cir. 2003).

20                b.        Any motion for summary judgment shall be supported by adequate factual

21  documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

22  Procedure.  **Defendants are advised that summary judgment cannot be granted, nor**

23  **qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion**

24  **that this case cannot be resolved by summary judgment, they shall so inform the Court**

25  **prior to the date the summary judgment motion is due.**

26         5.        Plaintiff's opposition to the dispositive motion shall be filed with the Court and

27  served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is

28

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding
Such Motion
G:\PRO-SE\SJ.LHK\CR.12\Larson773srv.wpd          6

1    filed.   Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and

2    *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must

3    come forward with evidence showing triable issues of material fact on every essential element of

4    his claim).

5           6.      Defendants shall file a reply brief no later than **fourteen (14) days** after

6    Plaintiff's opposition is filed.

7           7.      The motion shall be deemed submitted as of the date the reply brief is due.  No

8    hearing will be held on the motion unless the Court so orders at a later date.

9           8.      All communications by the Plaintiff with the Court must be served on Defendants

10   or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants'

11   counsel.

12          9.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

13   No further Court order is required before the parties may conduct discovery.

14          10.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

15   and all parties informed of any change of address and must comply with the Court's orders in a

16   timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

17   pursuant to Federal Rule of Civil Procedure 41(b)

18          IT IS SO ORDERED.

19   DATED:  __1/7/13__

                                          LUCY H. KOH
20                                        United States District Judge

21

22

23

24

25

26

27

28

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding
Such Motion
G:\PRO-SE\SJ.LHK\CR.12\Larson773srv.wpd          7