1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD TERRY LARSON, | ) | No. C 12-3773 LHK (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF PARTIAL |
| | ) | DISMISSAL; ORDER OF |
| vs. | ) | SERVICE; DIRECTING |
| | ) | DEFENDANTS TO FILE |
| | ) | DISPOSITIVE MOTION OR |
| M. CATE, et al., | ) | NOTICE REGARDING SUCH |
| | ) | MOTION |
| Defendants. | ) | |
| | ) | (Docket  Nos. 16,  20) |

Plaintiff, a California state prisoner proceeding *pro se*, filed an amended civil rights

action[1] under 42 U.S.C. § 1983.  For the reasons stated below, the Court dismisses the complaint

in part, and orders service upon named Defendants.[2]

**DISCUSSION**

A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner

seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

---

[1]  Plaintiff's request for an enlargement of time is GRANTED.  (Doc. No. 16.)  Plaintiff's
amended complaint is deemed timely filed.

[2]  Defendants' motion for screening and to change time to file dispositive motion is
GRANTED.  (Doc. No. 20.)

1  28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss

2  any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

3  seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C.

4  § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v.*

5  *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

6  B.    Legal Claims

7          According to the amended complaint, at some point, Plaintiff's criminal history records

8  reflected that he was found to have engaged in arson and violence.  Plaintiff alleges that

9  Defendant Correctional Counselor I ("CCI") M. Creamer-Todd informed him that this

10  determination made Plaintiff ineligible to participate in the "milestones" time credit program.

11  Because of CCI Creamer-Todd's statement, on June 19, 2011, Plaintiff requested a transfer to a

12  different counselor.  In Plaintiff's administrative appeal, he referred to CCI Creamer-Todd's

13  responses as "bizarre" and "bovine."  Plaintiff's request for a transfer was ultimately denied.

14  Defendants Associate Warden Wilson and Warden Grounds reviewed and denied Plaintiff

15  request for a transfer, and warned Plaintiff against the further use of disrespectful language,

16  threatening that if he did so, future administrative appeals would not be accepted.

17          Subsequently, CCI Creamer-Todd issued a rules violation report against Plaintiff for

18  being disrespectful toward staff because Plaintiff's used the terms "bizarre" and "bovine" in

19  referring to CCI Creamer-Todd.  On September 6, 2011, Defendant Lt. J.M. Biggs found

20  Plaintiff guilty of being disrespectful toward staff, and forfeited 20 days of credit.  Defendants

21  Appeals Coordinator S. Lacy and Third Level Appeals Examiner B. Forsterer both denied

22  Plaintiff's subsequent administrative appeals.

23          Liberally construed, Plaintiff has stated cognizable claims that Defendants CCI Creamer-

24  Todd, Lt. Biggs, Appeals Coordinator Lacy, Appeals Examiner Forsterer, Associate Warden

25  Wilson, and Warden Grounds violated his First Amendment rights.

26          Although Plaintiff states that he is also raising a claim of cruel and unusual punishment,

27  the Court disagrees.  The Eighth Amendment protects against cruel and unusual punishment, but

28

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding
Such Motion
G:\PRO-SE\SJ.LHK\CR.12\Larson773srv2.wpd

1    this does not mean that federal courts can or should interfere whenever prisoners are

2    inconvenienced or suffer *de minimis* injuries.  *See, e.g.*, *Hudson v. McMillian*, 503 U.S. 1, 9-10

3    (1992) (Eighth Amendment excludes from constitutional recognition *de minimis* uses of force);

4    *Anderson v. County of Kern*, 45 F.3d 1310, 1314-15 (9th Cir. 1995) (temporary placement in

5    safety cell that was dirty and smelled bad did not constitute infliction of pain).  Here, liberally

6    construed, Plaintiff's amended complaint does not demonstrate either that he suffered a

7    deprivation of a basic necessity, much less that the deprivation was sufficiently serious, or that

8    the Defendants possessed a culpable state of mind.  *See Farmer v. Brennan*, 511 U.S. 825, 834

9    (1994).  Accordingly, Plaintiff's Eighth Amendment claim is DISMISSED.  Because Plaintiff

10   has already had an opportunity to amend this claim, the Court finds that further leave to amend

11   would be futile.

12          Similarly, Plaintiff again names as Defendants CCI L. Webb and Correctional Counselor

13   II ("CCII") G. Metcalfe.  Regarding CCI Webb, Plaintiff claims that CCI Webb was the one

14   responsible for imposing an incorrect "arson" determinant in Plaintiff's criminal history.  The

15   Court previously concluded that the statutory language of California Penal Code § 13324 -- the

16   statute creating the right to accurate criminal records -- does not narrowly restrict the power of

17   prison officials to impose a deprivation of accurate records.  Because the statute does not meet

18   the requirements of *Sandin v. Conner*, 515 U.S. 472, 484 (1995), Plaintiff has failed to state a

19   claim.  Plaintiff's current allegation against CCI Webb is no different from that asserted in

20   Plaintiff's complaint.  Thus, Defendant CCI Webb is DISMISSED with prejudice.

21          Regarding Defendant CCII Metcalfe, Plaintiff claims that he interviewed Plaintiff in

22   conjunction with Plaintiff's administrative appeal, and agreed with CCI Webb that Plaintiff was

23   not entitled to receive "milestone credits" because of his criminal history of arson and violence.

24   Plaintiff also stated that CCII Metcalfe "acted in concert" with Associate Warden Wilson.  For

25   the same reason that CCI Webb is dismissed, Plaintiff does not state a claim against CCII

26   Metcalfe either.  Further, Plaintiff's assertion that CCII Metcalfe and Associate Warden Wilson

27   were conspiring together is wholly conclusory and without any factual support.  Even at the

28

1   pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an

2   individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*,

3   152 F.3d 1193, 1194 (9th Cir. 1998).  Plaintiff's allegations against CCII Metcalfe are

4   insufficient.  Because Plaintiff has already been given an opportunity to amend his claims

5   against CCI Webb and CCII Metcalfe, the Court finds that further leave to amend would be

6   futile.

7        Plaintiff also renames Secretary M. Cate as a Defendant.  Plaintiff argues that Secretary

8   Cate was legally responsible for the oversight of the California Department of Corrections and

9   Rehabilitation's policy regarding prisoners' behavior toward staff.  Plaintiff further claims that

10  the Ninth Circuit has clearly stated that prison staff shall not punish inmates for using hostile or

11  disrespectful language in their written grievances.  However, Plaintiff's amended complaint does

12  not support any assertion that Secretary Cate promulgated such a policy, or that such a policy is

13  in place.  Indeed, the Ninth Circuit has stated, "We leave open the possibility that there may be

14  situations in which prison officials may properly discipline inmates for criminal threats

15  contained in written grievances." *Bradley v. Hall*, 64 F.3d 1276, 1281-82 (9th Cir. 1995),

16  *overruled on other grounds by Shaw v. Murphy*, 532 U.S. 223, 230 n.2 (2001).  Liability under

17  Section 1983 arises only upon a showing of personal participation by the defendant. *Taylor v.*

18  *List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor may be liable under section 1983 upon a

19  showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal

20  connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A.*

21  *v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012).  Accordingly, Secretary Cate is DISMISSED.

22  Because Plaintiff has already had an opportunity to amend his complaint to state a claim against

23  Secretary Cate, the Court finds that further leave to amend would be futile.

**CONCLUSION**

24

25      1.      Defendants Secretary Cate, CCI Webb, and CCII G. Metcalfe are DISMISSED

26  without leave to amend.  Plaintiff's Eighth Amendment claim is DISMISSED without leave to

27  amend.

28

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding
Such Motion
G:\PRO-SE\SJ.LHK\CR.12\Larson773srv2.wpd

2.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto (docket no. 17), and a copy of this Order to **Associate Warden W. Wilson and Warden R.T.C. Grounds** at **Central Training Facility** in **Soledad**.

The Clerk of the Court shall also mail a courtesy copy of the complaint and a copy of this Order to the California Attorney General's Office.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

3.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent.  Defendants are asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

4.      For purposes of continuity, the previous briefing schedule (docket no. 10) is VACATED.  No later than **ninety (90) days** from the date of this Order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the amended complaint.

a.      If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\SJ.LHK\CR.12\Larson773srv2.wpd

1    Defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315

2    F.3d 1108, 1119-20 (9th Cir. 2003).

3            b.      Any motion for summary judgment shall be supported by adequate factual

4    documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

5    Procedure.  **<u>Defendants are advised that summary judgment cannot be granted, nor</u>**

6    **<u>qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion</u>**

7    **<u>that this case cannot be resolved by summary judgment, they shall so inform the Court</u>**

8    **<u>prior to the date the summary judgment motion is due.</u>**

9            5.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and

10   served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is

11   filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and

12   *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must

13   come forward with evidence showing triable issues of material fact on every essential element of

14   his claim).

15          6.      Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after

16   Plaintiff's opposition is filed.

17          7.      The motion shall be deemed submitted as of the date the reply brief is due.  No

18   hearing will be held on the motion unless the Court so orders at a later date.

19          8.      All communications by the Plaintiff with the Court must be served on Defendants

20   or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants'

21   counsel.

22          9.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

23   No further Court order is required before the parties may conduct discovery.

24          10.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

25   and all parties informed of any change of address and must comply with the Court's orders in a

26   timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute.

27

28
     Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding
     Such Motion
     G:\PRO-SE\SJ.LHK\CR.12\Larson773srv2.wpd

1    IT IS SO ORDERED.

2    DATED: ___4/10/13___

LUCY H. KOH
United States District Judge

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding
Such Motion
G:\PRO-SE\SJ.LHK\CR.12\Larson773srv2.wpd