IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD TERRY LARSON, | ) | No. C 12-3773 LHK (PR) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING |
| v. | ) | DEFENDANTS' MOTION FOR |
| | ) | SUMMARY JUDGMENT; |
| | ) | REFERRING CASE TO |
| M. CREAMER-TODD, et al., | ) | SETTLEMENT PROCEEDINGS |
| | ) | |
| Defendants. | ) | (Docket No. 36, 50) |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that prison officials at Central Training Facility in Soledad retaliated against him, in violation of the First Amendment. Defendants have moved for summary judgment. Although given an opportunity, plaintiff has not filed an opposition.[1] Having carefully considered the papers submitted, the court DENIES defendants' motion for summary judgment, for the reasons set forth below.

**BACKGROUND**

The following facts are taken in the light most favorable to plaintiff, and are undisputed unless otherwise indicated.

---

[1] On February 7, 2014, plaintiff filed a request to be updated as to the status of the case, and also to move for a trial date. On February 10, 2014, before the court was aware of plaintiff's filing, the court issued an order directing plaintiff to file a notice of intent to prosecute. Based on the plaintiff's February 7, 2014, pleading, it is clear that plaintiff wishes to prosecute this action. Plaintiff's motion to set a trial date is DENIED without prejudice.

Order Denying Defendants' Motion for Summary Judgment; Referring Case to Settlement Proceedings
P:\PRO-SE\LHK\CR.12\Larson773msj.wpd

In February 2008, plaintiff arrived at Pleasant Valley State Prison. (Am. Compl. at 10.) Upon his arrival, Correctional Counselor L. Webb ("Webb") told plaintiff that Webb intended to affix an administrative determinate for violence and arson into plaintiff's records even though plaintiff had never been arrested for a violent crime or a crime involving arson, as defined under the California Penal Code. (*Id.* at 10-11.) Webb stated that because plaintiff had been convicted of threats and arrested for possession of a destructive device, i.e., tracer ammunition, and the California Department of Corrections and Rehabilitation had wide latitude in interpreting the laws, Webb could impose the administrative determinates. (*Id.* at 10-11.)

Plaintiff filed an administrative grievance, arguing that the determinate labels of violence and arson were false. (*Id.* at 12.) Because of the labeling, defendant Counselor Creamer-Todd ("Creamer-Todd") told plaintiff that plaintiff was no longer eligible for the "milestones" time-credit program, which would have allowed plaintiff to earn sentencing credits. (*Id.* at 13.)

Plaintiff filed another administrative appeal, CTF-S-11-01393, in which plaintiff requested a transfer to a counselor other than Creamer-Todd because plaintiff felt that Creamer-Todd was incorrect in his response to plaintiff's previous grievance. (*Id.* at 14.) In that appeal, plaintiff called Creamer-Todd's response "bizarre and bovine." (*Id.*) Because of plaintiff's use of the words "bizarre and bovine," plaintiff was issued a disciplinary rules violation report for being disrespectful to staff. (*Id.* at 15, Ex. 3 at 49-52.) After a hearing on the rules violation report, plaintiff was found guilty of using disrespectful language toward staff, and was issued a punishment of a 20-day forfeiture of time-credit. (*Id.* at 16.) Ultimately, plaintiff's 20-days of time-credit were restored. (Creamer-Todd Decl. at ¶¶ 6-8.)

**ANALYSIS**

A.   <u>Standard of Review</u>

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a

verdict for the nonmoving party. *Id.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The court is only concerned with disputes over material facts and "factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). It is not the task of the court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Id.* If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323.

At the summary judgment stage, the court must view the evidence in the light most favorable to the nonmoving party: if evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999).

B.   <u>Plaintiff's Claim</u>

Liberally construed, plaintiff claims that defendants retaliated against him for using protected language, i.e., calling Creamer-Todd's responses bovine and bizarre, by: (1) charging plaintiff with a rules violation; (2) finding plaintiff guilty of disrespecting staff; and (3) warning

plaintiff to stop using protected language. Defendants argue that plaintiff cannot demonstrate that any adverse action was taken against him because plaintiff's 20-days loss of credit was temporary and not significant enough to establish a First Amendment retaliation claim. Alternatively, defendants argue that they are entitled to qualified immunity.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted)

Defendants argue that the "adverse action" taken against plaintiff was the temporary 20-day loss of credits. However, plaintiff has also alleged that defendants warned plaintiff that plaintiff's use of disrespectful words was unacceptable and would not be tolerated. (Am. Compl. at 22-23.) Further, plaintiff has provided evidence of a subsequent filing of a rules violation report for using disrespectful words. (*Id.* at 23.) In *Brodheim v. Cry*, the Ninth Circuit noted that the prisoner submitted an administrative grievance, complaining about the conduct of one of the prison guards. 584 F.3d 1262, 1265 (9th Cir. 2009). In response, one of the appeals coordinators recategorized the inmate's appeal as a staff complaint, and then rejected it as untimely. *Id.* The inmate filed a request for an interview with that appeals coordinator, using what could be interpreted as challenging or disrespectful language, and the appeals coordinator responded that the rejection of the inmate's appeal was correct. *Id.* The appeals coordinator further added, "I'd also like to warn you to be careful what you write, req[u]est on this form." *Id.* at 1265-66. The Ninth Circuit concluded that the record was sufficient to establish a genuine issue of material fact as to whether the warning was an adverse action. *Id.* at 1270. "By its very nature, a statement that warns a person to stop doing something carries the implication of some consequence of a failure to heed that warning." *Id.*

Similarly here, plaintiff's use of "disrespectful" language in his administrative grievance was admonished in a response to one of plaintiff's appeals. Further, plaintiff was subsequently

1  written up for a rules violation for using that "disrespectful" language, and found guilty of

2  violating the prison rule. Based on *Brodheim*, the court finds that there is a genuine issue of

3  material fact whether defendants took some adverse action against plaintiff.

4  Defendants also suggest that plaintiff's filing of the underlying federal complaint cuts

5  against plaintiff's argument that he has been "chilled" from exercising his First Amendment right

6  to seek redress. However, *Brodheim* squarely rejects this argument. "[A] plaintiff does not have

7  to show that his speech was actually inhibited or suppressed, but rather that the adverse action at

8  issue would chill or silence a person of ordinary firmness from future First Amendment

9  activities." *Id.* at 1271 (quoting *Rhodes*, 408 F.3d at 568-69). As in *Brodheim*, this court finds

10 that a reasonable person may have been chilled by defendants' warning, as well as by the filing

11 of a rules violation report.

12 Thus, defendants are not entitled to summary judgment on the merits.

13 Alternatively, defendants argue that they are entitled to qualified immunity. Specifically,

14 defendants argue that the law was not clear regarding whether inmates could be punished for

15 using hostile or abusive language in a written grievance.

16 The defense of qualified immunity protects "government officials . . . from liability for

17 civil damages insofar as their conduct does not violate clearly established statutory or

18 constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*,

19 457 U.S. 800, 818 (1982). A court considering a claim of qualified immunity must determine:

20 (1) whether the plaintiff has alleged the deprivation of an actual constitutional right, and (2)

21 whether such right was clearly established such that it would be clear to a reasonable officer that

22 his conduct was unlawful in the situation he confronted. *See Pearson v. Callahan*, 129 S. Ct.

23 808, 818 (2009).

24 In *Bradley v. Hall*, 64 F.3d 1276, 1281-82 (9th Cir. 1995), the Ninth Circuit invalidated

25 an Oregon Department of Corrections' prison regulation, and held that "prison officials may not

26 punish an inmate merely for using hostile, sexual, abusive or threatening language in a written

27 grievance." In 2001, the United States Supreme Court explicitly disapproved of the Ninth

28 Circuit's "balancing" method used in *Bradley* in analyzing whether such a prison regulation

reasonably advanced a legitimate penological interest. *Shaw v. Murphy*, 532 U.S. 223, 228 (2001) (reaffirming that the factors set forth in *Turner v. Safley*, 482 U.S. 78 (1987) were the only factors that the Ninth Circuit should have considered).

Subsequently, in *Brodheim*, the Ninth Circuit acknowledged both *Bradley* and *Shaw*, and, applying the *Turner* standards, reached the same result as the *Bradley* court. That is, in *Brodheim*, the Ninth Circuit found that the threat or warning from the prison official to the prisoner was "insufficiently related to legitimate penological interests." *Brodheim*, 584 F.3d at 1273.

Accordingly, because *Broheim* was decided in 2009, and the allegations against defendants took place in 2011-2012, the law was clearly established at the time of the underlying events that punishing an inmate for hostile or abusive language is not constitutionally permissible. Defendants are not entitled to qualified immunity.

C. <u>Referral to Pro Se Prisoner Settlement Program</u>

Prior to setting this matter for trial and appointing pro bono counsel to represent plaintiff for that purpose, the court finds good cause to refer this matter to Judge Vadas pursuant to the Pro Se Prisoner Settlement Program for settlement proceedings on the claim set forth above. The proceedings will consist of one or more conferences as determined by Judge Vadas. The conferences shall be conducted with defendants, or their representatives, attending by videoconferencing if they so choose. If these settlement proceedings do not resolve this matter, the court will then set this matter for trial and consider a motion from plaintiff for appointment of counsel.

**CONCLUSION**

1. Defendants' motion for summary judgment is DENIED.

2. The instant case is REFERRED to Judge Vadas pursuant to the Pro Se Prisoner Settlement Program for settlement proceedings on the remaining claim in this action, as described above. The proceedings shall take place within **one-hundred twenty (120) days** of the filing date of this order. Judge Vadas shall coordinate a time and date for a settlement conference with all interested parties or their representatives and, within **ten (10) days** after the

1   conclusion of the settlement proceedings, file with the court a report regarding the prisoner
2   settlement proceedings. If these settlement proceedings do not resolve this matter, plaintiff can
3   file a renewed motion for appointment of counsel, and the court will then set this matter for trial.
4       3.    The clerk of the court shall mail a copy of this order to Judge Vadas in Eureka,
5   California.
6       4.    The instant case is STAYED pending the settlement conference proceedings. The
7   clerk shall ADMINISTRATIVELY CLOSE this action until further order of the court.
8       IT IS SO ORDERED.
9   DATED:   2/24/14                              _____
                                               LUCY H. KOH
10                                                 United States District Judge

Order Denying Defendants' Motion for Summary Judgment; Referring Case to Settlement Proceedings
P:\PRO-SE\LHK\CR.12\Larson773msj.wpd      7